IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

HEATH GREEN                                                                          PLAINTIFF

V.                                        NO. 3:07cv00037 WRW-JWC

CRAIGHEAD COUNTY SHERIFF'S                                            DEFENDANTS
DEPARTMENT, et al

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I.  Instructions**

The following recommended disposition has been sent to United States District

Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and two copies of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date of these findings and recommendations.  A copy will

be furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge,

you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such
        a  hearing is granted)  was not  offered at  the hearing before the Magistrate
        Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR  72201-3325

## II.  Recommended Disposition

On April 2, 2007, Plaintiff, a pro se inmate who at the time was confined to the Craighead County Detention Facility, filed this 42 U.S.C. § 1983 civil rights action (docket entry #1) along with a motion to appoint counsel (docket entry #2).  Plaintiff did not submit the $350.00 statutory filing fee nor did he file an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  So that the Court could determine how the $350 filing fee would be paid, by order entered April 12, 2007 (docket entry #3), Plaintiff was instructed to submit either the full statutory filing fee or a calculation sheet, along with an application to proceed in forma pauperis, prepared and executed by an authorized official at the incarcerating facility.   In addition, Plaintiff was directed to amend his complaint to specifically answer four questions posed by the Court.[1]  On April 23, 2007, Plaintiff timely

---

[1] Plaintiff was directed to specifically state: 1) how Defendants Blanchard and Harris were personally involved in, aware of, or had knowledge of the actions of which he complained; 2) how Defendants Blanchard and Harris violated his constitutional rights; 3) whether he was in jail and still awaiting trial on pending criminal charges, or serving a sentence as a result of a judgment of conviction; and 4) whether he sued Defendants in an individual capacity, official capacity, or both. Plaintiff was instructed to set forth specific facts concerning his allegations including, where

responded to the Court's order by filing an in forma pauperis application in compliance with § 1915(a)'s requirements (docket entry #5); therefore, by order entered April 25, 2007 (docket entry #6), in forma pauperis status was granted and Plaintiff was reminded to file, on or before May 14, 2007, an amended complaint that contained the information requested in the Court's April 12, 2007, order. Plaintiff was additionally advised that his failure to make a timely and complete response to this Court's April 12, 2007, order to amend would result in the recommended dismissal of his case without prejudice.

The Court's April 25, 2007, order has not been returned and no responsive filing has been received from Plaintiff, despite the Clerk's certification that a copy of the order was mailed to him personally the same day as entered at his last given address at the Craighead County Detention Facility. In addition, the Court is in receipt of a notice from the Craighead County Detention Facility (see docket entry #8) that indicates that Plaintiff was released on May 13, 2007. Plaintiff has filed no change of address, nor has he had contact with the Court. Under these circumstances, this case should be dismissed without prejudice due to Plaintiff's failure to prosecute the action diligently and his failure fully comply with the Court's April 12, 2007, order. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with

---

applicable, dates, times and places.

prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); <u>Garrison v. Int'l Paper Co</u>., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2.      Any PENDING MOTIONS should be DENIED AS MOOT.

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder WOULD NOT BE TAKEN IN GOOD FAITH.

4.      This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[2]

DATED this 5th day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.